FILED
APR 2 1 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OSCAR GARZA, )
)
        Plaintiff, )
)
v. ) Civil Action No. 10 0622
)
RAY MABUS, )
Secretary of the Navy, *et al.* )
)
        Defendants. )

## MEMORANDUM OPINION

This matter is before the Court upon consideration of plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The application will be granted, and the complaint will be dismissed.

Plaintiff alleges that he suffered an injury while on active duty in the United States Navy in 1980, and that defendants have denied him disability benefits and other medical treatment following his other than honorable discharge in 1982. He brings this action against the Secretary of the Navy and the Secretary of Veterans Affairs in both their official and individual capacities, and he demands monetary damages.

The Secretary of Veterans Affairs "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans." 38 U.S.C. § 511(a). The Secretary's decisions "as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court[.]" *Id.* Generally, a federal district court lacks subject matter jurisdiction over matters relating to veterans benefits. *See Price v. United States*, 228 F.3d 420 (D.C. Cir. 2000) (per curiam) (dismissing for lack of subject matter jurisdiction a veteran's claim

for reimbursement of medical expenses incurred at a non-Veterans Administration ("VA") medical facility on the ground that the Veterans' Benefits Act of 1957, as amended, "precludes judicial review in Article III courts of VA decisions affecting the provision of veterans' benefits"), *cert. denied*, 534 U.S. 903 (2001). In order to adjudicate plaintiff's claims, the Court necessarily must "determine first whether the VA acted properly in handling his claim, *Price*, 228 F.3d at 422, and the Court has no jurisdiction to make this determination. *See id.* ("The district court lacked jurisdiction to consider Price's federal claim because underlying the claim is an allegation that the VA unjustifiably denied him a veterans' benefit.").

Insofar as plaintiff attempts to bring an action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 396 (1971), against the defendants in their individual capacities, no such remedy is available. *See Thomas v. Principi*, 394 F.3d 970, 975-76 (D.C. Cir. 2005) (affirming dismissal of *Bivens* claims against VA employees for constitutional torts in the context of a dispute over veterans' benefits).

For these reasons, the Court will dismiss the complaint. An appropriate Order accompanies this Memorandum Opinion.

/s/ Reggie B. Walton
United States District Judge

DATE: April 8, 2010